IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| State Auto Property and Casualty Insurance Company, | ) ) ) ) Case No. 12 C 50240 |
| Plaintiff, | ) ) |
| vs. | ) ) |
| William Schriver, and Jorge Baeza, as Special Administrator of the Estate of Aristeo Baeza, Deceased | ) ) ) ) |
| | ) Judge Philip G. Reinhard |
| Defendants. | ) ) |

## ORDER

For the reasons stated below, the parties' cross motions for summary judgment [44]; [47]; [50] are denied.

## STATEMENT-OPINION

This case stems from a dispute over an insurance policy and an insurer's duty to defend. Plaintiff State Auto Property and Casualty Insurance Company ("plaintiff" or "State Auto") has filed the instant suit seeking a declaratory judgment. Specifically, State Auto asks the court to find that it does not have a duty to defend one of its insureds, defendant William Schriver ("Schriver"), in a wrongful death action in the Circuit Court of Boone County, Illinois. *See* [1] at 3. In its complaint, State Auto has named Schriver and Jorge Baeza, the underlying plaintiff in the wrongful death action, as defendants. [1] ¶ 5. The relevant facts are as follows.

Defendant William Schriver is an Illinois resident who, among other things, owns rental properties in Garden Prairie, Illinois. At all times relevant to this dispute, Schriver's Garden Prairie rental properties consisted of nine mixed construction properties which were generally managed by Schriver's tenants. In approximately November 2010, Schriver procured (through his insurance agent, Steven Daly), a Commercial General Liability Insurance Policy from State Auto for the Garden Prairie properties for the period of February 7, 2011 through February 7, 2012. [1] at 2.

1

On April 13, 2011, one of Schriver's tenants, Aristeo Baeza, was on the roof of a trailer home at the Garden Prairie properties and was attempting to fix a leak. While on the roof, Mr. Baeza's head came in contact with a power line. *See* [68] at 3. He subsequently was electrocuted and died. *Id.*

Schriver testified that hours after Mr. Baeza's death, he left his insurance agent, Steven Daly, a voicemail message to notify him that there had been death on the property. [46] ¶ 8. Steven Daly has testified that he does not recall ever receiving such a voicemail. State Auto claims it did not receive notice of Mr. Baeza's death until February 16, 2012 when Schriver forwarded State Auto a letter and attorneys' lien that he had received from the attorneys' representing Aristeo Baeza's family. *See* [49] ¶ 15. The documents apparently informed Schriver a civil suit had been filed against him in the Circuit Court of Boone County, Illinois.

Shortly after State Auto received the attorney's lien and letter from Schriver, it filed the instant suit in this court seeking a declaratory judgment. In its complaint, State Auto claims it does not have a duty to defend Schriver in the wrongful death action that has been brought against him by Aristeo Baeza's family because Schriver failed to provide timely notice of Mr. Baeza's death as is required under the terms of his insurance policy. *See* [1] at 4.

State Auto, Schriver, and Jorge Baeza have all filed motions for summary judgment. *See* [44], [47], & [50]. State Auto contends it is entitled to judgement as a matter of law because Schriver breached the notice condition of his insurance policy. State Auto claims it did not receive actual notice of the occurrence until February 2012 and this 10 month delay is unreasonable as a matter of law. *See* [47].

Schriver claims he is entitled to summary judgment because he contacted Steven Daly the day Mr. Baeza died. Schriver alternatively argues that summary judgment is warranted even if he never left Steven Daly a voicemail because his insurance policy only required him to notify State Auto of an occurrence that "could result in a claim." Schriver contends he satisfied this condition when he forwarded State Auto the letter and attorneys' lien he received from the attorneys representing the Baeza family in February 2012. *See* [45] at 1.

Defendant Jorge Baeza has filed his own motion for summary judgment. *See* [50]. In his motion, Baeza argues summary judgment should be awarded against State Auto and in his favor because any ambiguities in the language of the insurance policy should be construed against State Auto. Jorge Baeza also argues that Schriver satisfied the notice condition in the policy when he left a voicemail for Steven Daly on the day Aristeo Baeza died and when he forwarded the attorney's lien to State Auto in February 2012. *See* [51] at 14.

State Auto has responded to both Schriver's and Baeza's motions. *See* [64]; [65]. Schriver and Baeza have responded to State Auto's summary judgment motion. *See* [67] [69]. Thus, the three motions are ripe for the court's review. For the reasons below, the court finds a

2

disputed issue of material fact exists. Because of this, the court concludes all three motions must be denied.

On summary judgment, the court construes all facts and draws all inferences in the light most favorable to the non-moving party. *Schepers v. Commissioner, Indiana Dept. of Corrections,* 691 F.3d 909, 913 (7th Cir. 2012). The court does not weigh evidence or determine the credibility of witness testimony. *O'Leary v. Accretive Health, Inc.,* 657 F.3d 625, 630 (7th Cir. 2011). Instead, the court only grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

The heart of the dispute is whether Schriver provided State Auto proper notice of Aristeo Baeza's death under the terms of the policy. Schriver and Baeza claim he did while State Auto contends he did not. All three parties do, however, agree that the insurance policy at issue contains a notice condition. In relevant part, the notice condition in the policy reads:

> 2. Duties in the Event of Occurrence, Offense, Claim or Suit
>
> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
>
> (1) How, when and where the "occurrence" or offense took place;
> (2) The names and addresses of any injured persons and witnesses; and
> (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> b. If a claim is made or "suit" is brought against any insured, you must:
>
> (1) Immediately record the specifics of the claim or "suit" and the date received; and
> (2) Notify us as soon as practicable.
>
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> [1-1] at 46.

3

**A. State Auto's Motion for Summary Judgment [47]**

State Auto argues it is entitled to summary judgment because Schriver breached State Auto's insurance policy by failing to provide prompt notice of Mr. Baeza's death. State Auto contends Schriver's alleged breach means it does not have a duty to defend Schriver in the underlying state court wrongful death action filed by Mr. Baeza's family. In its motion, State Auto avers that it did not receive notice of Mr. Baeza's death until February 16, 2012 and this 10 month delay is unreasonable as a matter of law. *See* [48] at 6. While State Auto admits that Schriver has testified that he satisfied the notice condition in the policy by contacting his insurance agent the same day of Mr. Baeza's death, it argues that "no reasonable trier of fact could credit that argument" and summary judgment should therefore be entered in State Auto's favor. [48] at 7.

It is well established that summary judgment is not the place for the court to make "credibility determinations, weigh the evidence, or decide which inferences to draw from the facts." *Payne v. Pauley*, 337 F.3d 767, 769 (7th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The Seventh Circuit has repeatedly held that "summary judgment cannot be used to resolve swearing contests between litigants." *Id.* (citations omitted).

Despite this well established standard, State Auto argues that the court should not credit Schriver's deposition testimony because Steven Daly (Schriver's insurance agent) testified that he did not recall receiving a phone call or voicemail message from Schriver. State Auto also points to the testimony of Kirk West, one of Steven Daly's colleagues, as evidence that Schriver's testimony is not credible. West testified that the office where he and Daly worked did not have any record of a voicemail message from Schriver that allegedly reported a death on the Garden Prairie properties. *See* [49-6] at 6-8.

The court acknowledges that State Auto has provided deposition testimony from two individuals who appear to directly contradict Schriver's deposition testimony. However, the fact remains that Schriver testified that he notified his insurance agent, Steven Daly, of Aristeo Baeza's death on April 13, 2011. *See* [46-2] at 4. Schriver has provided testimony from one of State Auto's representatives that notifying one's agent is sufficient to satisfy the notice condition in his insurance policy. *See* [46-4] at 2. While State Auto denies this is sufficient and states that Schriver was required to follow-up with his agent to ensure he had received notice, it is clear a dispute remains regarding Schriver's alleged voicemail to Steven Daly on April 13, 2011.

This court refuses to step into the "dangerous territory" of weighing the conflicting testimony in this summary judgment proceeding. *Payne*, 337 F.3d at 771. There is nothing deficient with Schriver's deposition testimony which causes the court to find his testimony lacks credibility and should therefore be disregarded. *But see e.g., McCann v. Iroquois Memorial Hosp.*, 622 F.3d 745, 750-51 (7th Cir. 2010) (citing cases that have granted summary judgment because "a plaintiff cannot manufacture an issue of fact by submitting an affidavit that contradicts prior sworn testimony[.]"). Schriver's testimony does not contradict any of his prior

sworn statements or testimony, and while it is self-serving, this alone is no reason to discredit or disregard the evidence completely. *See Hill v. Tangherlini*, 724 F.3d 965, 967-68 (7th Cir. 2013) (stating that the district courts should not discredit deposition testimony merely because it is "self-serving"). Indeed, the summary judgment rule contemplates that parties can submit deposition testimony as evidence that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(c). Schriver has done just that here and does not need to "match [State Auto] witness for witness, nor persuade the court that [his] case is convincing, [he] need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994); *see also Payne*, 337 F.3d at 771. Schriver's testimony indicates that there is a disputed issue of material fact regarding whether he left Steven Daly a voicemail on April 13, 2011 to notify State Auto that there had been a death on the Garden Prairie property. The court will not discredit his testimony and instead must accept his version of the facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Accordingly, State Auto's motion [47] for summary judgment must be denied.

**B. Schriver's Motion for Summary Judgment [44]**

Schriver has also filed a motion for summary judgment. *See* [44]. In his motion, he argues that State Auto "has no direct evidence to suggest that [he] did not report [Mr. Baeza's death] to his insurance agent shortly after the incident by leaving a message in the voicemail." [45] at 3. Schriver claims because there is no evidence to contradict his testimony, he is entitled to summary judgment. Despite his bold assertion regarding a lack of evidence, Schriver admits that there are statements "from insurance agents that they did not receive the [April 13, 2011 voicemail] message." [45] at 3. Moreover, in State Auto's Local Rule 56.1(c)(3) response, State Auto denies that Schriver ever contacted Steven Daly. *See* [66] at 5-6. Not surprisingly, State Auto points to Steven Daly's deposition as well as the testimony of Kirk West to support its position. *See id.* In his deposition, Steven Daly testified that he didn't recall ever receiving a telephone call or voice message from Schriver regarding Mr. Baeza's death. *See* [49-2] at 32. As mentioned above, Schriver has testified otherwise. *See* [46-2] at 3-4. As such, it is axiomatic that a disputed issue of material fact remains. Thus, for the same reasons the court refused to discredit Schriver's testimony, and enter summary judgment in favor of State Auto, the court also refuses to disregard the deposition testimony State Auto has submitted in response to Schriver's summary judgment motion. *See Payne*, 337 F.3d at 769 (stating that summary judgment is not the place for the court to "resolve swearing contests between litigants."). As such, the court does not find Schriver is entitled to summary judgment because there is a lack of evidence to contradict his testimony regarding the alleged April 13, 2011 voicemail.

Schriver also claims he is entitled to summary judgment even if he never left a voicemail message for Steven Daly on the day of Mr. Baeza's death. He states that the alleged telephone call on April 13, 2011 was unnecessary because the terms of the policy did not require notice of every occurrence and instead only required notice of occurrences that could result in claims. It appears that Schriver is arguing that he could not have anticipated that Mr. Baeza's death could have resulted in a claim until he received the letter and attorney's lien from the attorneys

5

representing Aristeo Baeza's family.  He explains that because he forwarded State Auto the attorney's lien and letter promptly after he received them, this satisfied the notice condition in the policy.

State Auto responds that Schriver's construction of the policy's language is flawed.  It argues that the policy "contains two different notice conditions: one that requires notice of the occurrence of an incident which may fall within the policy's coverage, and one that requires notice of any lawsuit stemming from such an incident." [63] at 1.  State Auto further argues that Schriver should have had reason to believe that an electrocution that resulted in death on the property was an occurrence that could result in a claim.  The parties agree that this court should apply Illinois law when resolving issues concerning the construction of the policy.

Generally, "[t]he construction of an insurance policy is a question of law." *Netherlands Insurance Co. v. Phusion Projects, Inc.*, 737 F.3d 1174, 1177 (7th Cir. 2013).  In the absence of clear Illinois Supreme Court precedent the court "must use [its] best judgment to determine how that court would construe its own law." *Id.* (quoting *Stephan v. Rocky Mountain Chocolate Factory, Inc.*, 129 F.3d 414, 417 (7th Cir. 1997)).  The Illinois Supreme Court instructs courts to interpret insurance policies under the rules of contract interpretation.  *See Founders Ins. Co. v. Munoz*, 930 N.E.2d 999, 1003-04 (Ill. 2010).  When interpreting the language of the insurance policy, the court's primary duty is "to ascertain and give effect to the intent of the parties . . . " *Netherlands Insurance Co.*, 737 F.3d at 1177 (citing *Founders Ins. Co.*, 930 N.E.2d at 1003).  If the language in an insurance policy is unambiguous, the provision will be applied pursuant to how it is written.  *Id.*  If, however, there is any ambiguity, the provision will be construed liberally in favor of the insured.  *Id.*  The court will find an insurance policy ambiguous if the language "is susceptible to more than one reasonable interpretation." *Id.*

After reviewing the plain language of the policy, the court disagrees with Schriver's construction.  The notice condition in the policy unambiguously states that the insured must notify State Auto "as soon as practicable of an "occurrence" or an offense which may result in a claim." [1-1] at 46.  The use of the conjunctive "or" indicates that an occurrence may be different from an offense which may result in a claim as it would be counterintuitive to interpret "occurrence" to mean the same thing as "an offense which may result in a claim" when the two phrases are separated by the conjunctive "or." *Id.*  Occurrence is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." [1-1] at 50.  The phrase an "offense which may result in a claim" is not defined.  While Schriver seems to argue that the lack of definition renders the phrase ambiguous and therefore should be construed against State Auto to mean only those occurrences which in fact result in claims, the court disagrees.  As State Auto points out, the policy's notice condition has two separate sections.  *See* [1-1] at 46.  Section "a" is for the notice required in the event of an "occurrence" or an "offense which may result in a claim." [1-1] at 46.  Section "b" provides the notice required if "a claim is made or [a] suit is brought against any insured." *See id.*  If the court were to find that the policy only required notice of incidents or occurrences that had resulted in claims, section "a" would become meaningless.  Because of this, the court refuses to adopt

Schriver's construction of the notice condition. *See National Cas. Co. v. Jewel's Bus. Co.*, 880 F. Supp. 2d 914, 916 (N.D. Ill. 2012) (citing *Pekin Ins. Co. v. Wilson*, 930 N.E.2d 1011, 1023 (2010)) (stating that when the court's task to determine whether an insurer has an obligation to defend, the court "must read the insurance policy as a whole" and "not interpret an insurance policy in such a way that any of its terms are rendered meaningless or superfluous.").

Moreover, to the extent Schriver is arguing that he could not have anticipated that Mr. Baeza's death would result in a claim until he received the letter and attorney's lien, State Auto claims otherwise. It asserts that Schriver should have known before receiving the attorney's lien and letter, that an electrocution that resulted in death on the property could result in a claim. See [65] at 2-3. Thus, there is a disputed issue of fact. This issue should be left for the fact finder to resolve, not the court at this stage in the litigation. *See Keystone Consol. Industries, Inc. v. Employers Ins. Co. of Wausau*, 470 F. Supp. 2d 873, 882-83 (C.D. Ill. 2007) (citing *Northbrook Property and Cas. Ins. Co. v. Applied Systems, Inc.*, 729 N.E.2d 915, 921 (2001)) (stating that "[w]hether an insured's notice to its insurer was late, such that the insurer may deny coverage, is typically a question of fact, however it may be properly resolved as a matter of law if the material facts are not in dispute.). Because the court finds material facts are in dispute, it rejects Schriver's argument that he is entitled to judgment as a matter of law because the policy only requires notice of incidents which may result in claims. Accordingly, Schriver's motion for summary judgment [44] is denied.

**C. Jorge Baeza's Motion for Summary Judgment [50]**

Defendant Jorge Baeza has filed his own motion for summary judgment. *See* [50]. In his motion, Baeza asserts similar arguments to that of Schriver. Essentially, he argues that the court should find Schriver provided State Auto adequate notice pursuant to the terms of the policy because Schriver testified that he left Steven Daly a voicemail message hours after Aristeo Baeza's death on April 13, 2011 and because the plain language of the policy only requires notice of a "claim" or "an occurrence which may result in a claim." [51] at 8.

First, the court rejects Baeza's argument that summary judgment is appropriate because Schriver has testified that he left Steven Daly a voicemail on April 13, 2011. As the court has stated above, State Auto has provided evidence to dispute the fact that Schriver ever left such a voicemail. *See e.g.*, Daly Dep.; [49-2] at 32. The court finds this evidence sufficient to establish a genuine issue of material fact. *See Van Antwerp v. City of Peoria*, 627 F.3d 295, 207 (7th Cir. 2010) (stating that there is a genuine issue of material fact if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.) As such, the court refuses to grant Baeza summary judgment on this basis.

Next, the court rejects Baeza's argument that summary judgment is warranted because Schriver did not breach the notice condition in the policy since the policy only requires notice of "offenses which may result in a claim." [51] at 2-3. Baeza contends that one of State Auto's representatives testified that a claim arises when someone seeks money damages against an

insured, and Schriver therefore satisfied the notice condition in the policy when he forwarded the attorney's lien and letter to State Auto in February 2012. [51] at 2-3. Baeza cites the same deposition testimony to support the fact that Schriver was not required to do anything until someone had asserted a claim against him. *See* [51] at 3, (citing Van Wagner-Lopez Dep. at 63-64 [53-2] at 64-65).

State Auto denies both of these facts are true. It points to the plain language in the policy as support for the fact that Schriver was required to notify State Auto before February 2012. *See* [64] at 10-11. State Auto also submits that Baeza has ignored portions of the deposition testimony in making his purported statements of undisputed facts. Specifically, State Auto disputes the fact that its representative testified that Schriver had satisfied the notice condition even if he never left Steven Daly a voicemail. It points out its representative testified that the policy contained two distinct notice provisions; one that "pertains to the accident, the occurrence" and one that pertains "to the suit." Van Wagner-Lopez Dep. at 95-96; [49-4] at 96-97. According to State Auto, this testimony indicates that its representative did not state that Schriver was not required to provide notice before February 2012.

After reviewing both sides argument and evidentiary support, the court finds it apparent that issues of fact remain. The court does not find that State Auto's representative explicitly stated that Schriver satisfied the notice condition in the policy when he forwarded the attorney's lien and letter in February 2012. Accordingly, the court rejects Baeza's contention that summary judgment is appropriate because of the testimony of State Auto's representative. Therefore, Baeza's motion for summary judgment [50] must be denied.

In sum, the court finds summary judgment inappropriate because disputed issues of material fact remain in the instant case. As such, the court denies all three cross motions for summary judgment. [44], [47], & [50].

Date: 2/25/2014  ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge

Electronic Notices. (LC)